OPINION of the Court, hy
Judge Owsley.
.Tfitai was a suit in chancery, brought by the appellant against the appellee to obtain relief against a judgment at law recovered by the latter against the former. The appellant in his ¿bill claims a credit against the judgment at law, for the amount of two bonds executed by Hugh Sanders, the appellee’s testator, in his lifetime, one for the amount of 59/. 3s. 5 1-2d. to George M’Call and Gd. bearing date the 1st of March 1777, with interest there* on from, the 1st day of January 1776; the other to M’Call, Smiley and Co. for 23/. 4s. with interest from its date, and bearing date the 28th of — '-177?. He alleges that he has satisfied those to whom the debts were owing by Hugh Sanders, but that he has not received pay therefor. He prayed and obtained an injunction against the judgment at law.
The appellee by his answer denies that the appellant has paid those to whom the debts were owing by his testator, and alleges if he did he is not entitled to a credit on the judgment at law, because he charges that Httgh Sanders by his last will devised to the appellant (after the death of said Hugh’s widow) the land and plantation whereon the testator lived in Spotsylvania county and state of Virginia, he first paying to the executors of the said Hugh half the value thereof in specie, to be applied to the payment of the testator’s dfctus. contracted before the revolution or change in government: and because, as the appellee alleges, since the said Hugh Sanders’s death, the appellant has taken possession of the land so devised to him, and has since sold the same for 600/. but has at no time paid the appellee, the executor, one half the value thereof.
Some time subsequent to the filing the appellee’s answer, he exhibited a cross bill! against the appellant, alleging substantially the same facts stated in his answer, as to the land devised hy Hugh Sanders, his testator, and calling on the appellant to answer various, interrogatories, and praying for a decree against the. appellant for the balance which may be found due op account of the land upon an adjustment of the accounts, &c.
The appellant by his answeg to the cross bill admits, that his deceased father, Hugh Sanders, by his last ¶?1⅜ *287 devised to him the tract ofiland in Spotsylvania county⅜ the devise to take effect after the decease of his mother, upon the express condition of his first paying to the testator’s executors one half the value of the land, tobe applied to the payment 0f the testator’s debts contracted before the revolution or change of government; but he alleges that he obtained the possession of the land by purchase of his mother’s life estate, in 1782 ; and that,, afterwards, in the year 1786, whilst his mother was lilting, he sold his interest in the land, and that by the sale he paid off all the debts due from his, father before the revolution or change of government, &c.
On a hearing of the appellant’s bill, the court below dissolved his injunction and dismissed his bill with Costs, &c. ; from which decree the appellant has appealed to this court.
The evidence in this cause satisfactorily and abundantly proves that the appellant has, since the decease of Hugh Sanders, discharged the bonds for which he claims a credit on the judgment at law. He has therefore shewn a clear and unquestionable equity to the amount of those demands^ and the court below should consequently have made his injunction perpetual for that amount, unless his equity has been -repelled by matter in avoidance on the part of the appellee.
, Whether this has or has not been done, depends on. the appellant’s liability to pay one half the value of the land devised, to him by his father’s will: for it is evident from the evidence in this cause that, the debts for which the appellant claims a credit on the judgment at law, although the bonds do not bear date before the revolution, the debts were contracted prior to that time, and constitute partof those intended by the testator to be satisfied under tjie devise of the land to the appellant. And hence it evidently follows that il the appellant has taken the land under the devise, and made himself liable for One half of its value, the debts in question should be satisfied out of that fund, and not credited on the judgment at law.
,- The question, therefore, occurs, has the appellant become liable for,the one half of the value of the land devised to him by the will of his father ? In considering this question we deem it unnecessary to determine whether, according to the provisions of the will, the appel* *288 larit would have had a right to the-enjoyment and benefit of the land, against the approbation of the executor,1 without previously paying one half of its value. As we are of opinion he has elected to take and actually sold the land, not, as was contended in argument, sold the interest only acquired by the purchase of his mother’s life estate, with'the benefit to the purchaser, should he ,⅜ so disposed, after the decease of the widow, to elect and by paying one half its value take the land ; but after electing to take the land, did sell all the right which' he could in any event acquire to the land, thereby subjecting himself to the demand of the executors for one half its value, for the purposes in the will mentioned. This we think abundantly evidenced from the consideration of the appellant having purchased the life estate of his mother for about 120/. and sold the land for 600/. and his acknowledgement that had not the executors of .Hugh Sanders given him permission to sell the land, he could not have come to Kentucky, and his agreeing to account and settle with the executor for the sale of the land Upon the decease of bis mother. If then the appellant has elected to take the land,' and by the assent of the executors made sale thereof, it cannot be with him now to say that assent should" not have been given before the executors received one half the value of the land, and by that means evade the payment of those demands intended by the testator should be satisfied by the appellant in the event of his taking the land. Arid when too itSs moreover manifest from his answer to the appellee’s cross bill, that those debts were satisfied by the sale made by him of the land.
Upon the whole, we are of opinion the appellant is liable for one half the value of the land, and that the debts in question should be held in part satisfaction of that demand. '
But it was contended in argument that the court below erred in decreeing a dismission of the appellant’s bill before a final hearing of the cross bill. There appears to have been no objection to the hearing of the appellant’s bill, without at the same time hearing the cross bill. If, therefore, in any possible case it ⅛ regular to hear the one without the other, We must presume, in the absence of all opposing circumstances, tha# the court- acted correctly in proceeding to a decision of *289 the appellant’s bill, notwithstanding the cross bill was not then heard. We are apprised of no rule of practice which makes it essential that both bills should be heard at the same time. It is true when a cross bill is put in, it is most usual to bring both on to a hearing at the same time ; but the mere circumstance of hearing one without the other, does not afford sufficient grounds for reversing a decr«e which in every other respect ⅜⅜ correct- — See 1 Har. Ch. 166, Hind’s Ch. Prac. 54.
The decree of the circuit court, therefore, is correct, and must be affirmed with costs and damages upon the damages.